UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLLS AHMAD,

      Plaintiff,

-against-

STATE OF NEW YORK CITY; POLICE
DEPARTMENT 69TH PRECINCT,

      Defendants.

23-CV-8626 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently detained in the Otis Bantum Correctional Center on Rikers Island,[1] brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in connection with an arrest in Kings County and his criminal proceedings in the Supreme Court of the State of New York, Kings County. Named as Defendants in the caption of the complaint are the "State of New York City" and the "Police Department 69th Precinct," which the Court understands to be the New York City Police Department's ("NYPD") 69th Precinct, located in Brooklyn, Kings County, New York. In the complaint, Plaintiff also names as Defendants Detective Nicholas Gigante, Officers Angela Crenshaw, Marisa Louis-Jean, and an unnamed detective. Plaintiff alleges that all individual defendants are employed at the NYPD's 69th Precinct in Brooklyn. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

  (1) a judicial district in which any defendant resides, if all defendants are residents
    of the State in which the district is located; (2) a judicial district in which a

---

[1] Records maintained by the New York City Department of Correction ("DOC") show that Plaintiff's name is Ahmad Nicholls.

substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights during an arrest in Kings County in November 2020.[2] He does not plead the residence of any of the defendants, but he asserts that the individual defendants are employed at the NYPD's 69th Precinct in Brooklyn, Kings County, and that alleged events giving rise to his claims occurred in Kings County. Kings County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

Because Defendant City of New York is a resident of both this District and the Eastern District of New York and it appears that the individual defendants reside in the State of New York, venue may be proper under Section 1391(b)(1) in both this District and Eastern District of New York. Even if the venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Kings County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

---

[2] Public records maintained by the New York State Unified Court System show that Plaintiff is being prosecuted in the Kings County Supreme Criminal Court as a result of the November 2020 arrest.

determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Kings County, where the individual defendants are employed, and it is reasonable to expect that all relevant documents and witnesses also would be in Kings County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 13, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge